IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| DEMETRIA TRAYLOR, individually and on behalf of all others similarly situated, | ) ) ) **CLASS ACTION COMPLAINT** ) |
| Plaintiff, | ) |
| v. | ) Case No.: 3:18-cv-3352 ) |
| ACCOUNT SERVICES COLLECTIONS, INC. | ) ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Demetria Traylor, individually and on behalf of all others similarly situated, by and through the undersigned counsel, and for her Complaint against Defendant, Account Services Collections, Inc. under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

## JURISDICTION

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## STANDING

3. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

4. Defendant's collection activities violated the FDCPA.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.);

1

Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

6. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

7. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

**PARTIES**

8. Plaintiff, Demetria Traylor (hereafter "Plaintiff"), is a natural person currently residing in the State of Texas.

9. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

10. Defendant Account Services Collections, Inc. (hereafter "Account Services") is a Texas corporation engaged in the business of collecting debts, using mails and telephone, in this state with its corporate headquarters located at 1802 N.E. Loop 410, San Antonio, Texas 78217.

11. Account Services is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

12.     Account Services regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

13.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

14.     Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

15.     On or about July 30, 2018, Account Services sent the Plaintiff a collection letter. Said letter is attached and fully incorporated herein as **Exhibit A**.

16.     Said letter stated "RE: UTSW MEDICAL CENTER"

17.     Upon information and belief, one cannot find any such entity by the name of "UTSW MEDICAL CENTER" registered with the Texas Secretary of State.[1]

18.     The letter goes on to state, "Please be advised that your past due account has been referred to this office for collection by UTSW MEDICAL CENTER."

19.     Defendant does not at any point in time state the original or current creditor.

---

[1] McGinty v. Prof'l Claims Bureau, Inc., 2016 U.S. Dist. LEXIS 143627 ([Defendant's] Collection Letters are similarly deficient because: (i) the letters' captions, which read "Re: NSLIJ PHYSICIANS - DEPT OF ORTHOPEDIC SURGERY" and "Re: ST CATHERINE OF SIENNA," fail to identify the Medical Providers as Plaintiffs' current creditors; and (ii) the letters, which state that "[t]he above referenced account has been referred to our offices for collection," fail to make clear on whose behalf PCB was acting when it sent the Collection Letters.); Clomon v. Jackson, 988 F.2d 1314, 1993 U.S. App. LEXIS 4965 (2d Cir. Conn. 1993); Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 2003 U.S. App. LEXIS 3409, 55 Fed. R. Serv. 3d (Callaghan) 746 (2d Cir. N.Y. 2003); Savino v. Computer Credit, 164 F.3d 81, 1998 U.S. App. LEXIS 31652, 42 Fed. R. Serv. 3d (Callaghan) 1154 (2d Cir. N.Y. 1998); McStay v. I.C. Sys., 308 F.3d 188, 2002 U.S. App. LEXIS 21542 (2d Cir. N.Y. 2002) see also, 15 U.S.C. § 1692g(b).; Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008) citing Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996).

20. This letter does not demonstrate the relationship between Defendant and "UTSW MEDICAL CENTER."

21. The unsophisticated consumer cannot understand such a vague referral to an equally vague company name to mean that the party referring the debt is either the original or current creditor.[2]

22. The least sophisticated consumer is left in the dark as to which entity is the current creditor or the original creditor, as Defendant has failed to make this information clear.

23. Defendant is required by statute to clearly state the current creditor in a manner that the least sophisticated consumer would comprehend.[3]

24. Defendant failed to state effectively "the name of the creditor to whom the debt is owed."[4]

---

[2] See Schnorrbusch v. Commercial Trade, Inc., 3:18-cv-01850, PACER, (E.D.T.X December 7, 2018) (Order Denying Motion to Dismiss where the debt collection letter stated "Reference: PAYNE RICHARDS & ASSOCIATES" and "Please be advised that your unpaid account in the amount of $100.31 has been referred to this office for collection by PAYNE RICHARDS & ASSOCIATES." The Court found that the least sophisticated consumer might not understand such a referral to mean that the party referring the debt is either the original or current creditor because the letter in question failed to use the term "client" or "creditor," in addition to failing to explicitly identify the original or current creditor of the debt.

[3] See McGinty v. Prof'l Claims Bureau, Inc., 2016 WL 6069180 (E.D.N.Y. Oct. 17, 2016); Neff v. Schlee & Stillman, L.L.C., 2016 WL 4264203 (E.D. Mich. Aug. 12, 2016); Datiz v. Int'l Recovery Assoc., Inc., 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016) (sole reference to current creditor was in header stating "Re: John T. Mather Hospital").

[4] Beltrez v. Credit Collection Servs., 2015 U.S. Dist. LEXIS 160161 (E.D.N.Y. Nov. 25, 2015) ("As Plaintiff has stated a plausible claim that the Defendant's failure to explicitly and accurately name the creditor to whom the debt is owed would likely confuse the least sophisticated consumer as to the name of the actual creditor to whom the debt is owed, Defendant's motion must be denied."); Schneider v. TSYS Total Debt Mgmt., Inc., No. 06-C-345, 2006 WL 1982499 (B.D. Wis. July 13, 2006) ("[T]hroughout its briefs, [the debt collector] implies that the full and complete name of the creditor includes the name 'Target.' Yet, without the full and complete name of the creditor, be it Target National Bank, Target Customs Brokers, Inc., or a corporation that simply identifies itself by the acronym 'T.A.R.G.E.T,' it would be impossible for this court to decide whether [the debt collector] sufficiently identified the creditor to whom [the consumer's] debt is owed. Moreover, given that the full and complete name of the creditor is unknown, at least to the court, and given the fact-based nature of the confusing question, it would not be appropriate, at this early stage of the litigation, for the court to determine whether the unsophisticated debtor would be confused by the collection

25. The least sophisticated consumer is left confused as to who the creditor is in this case.[5]

26. **Exhibit A** is deceptive and misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

27. **Exhibit A** is deceptive and misleading as it failed to correctly identify the name of the creditor to whom the debt is owed in violation of 15 U.S.C. §§ 1692e, 1692e(10).

28. Plaintiff suffered injury-in-fact by being subjected to unfair and abusive practices of the Defendant.

29. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

30. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

31. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

32. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

---

letter.")

[5] Lee v. Forster & Garbus LLP, 12 cv 420, 2013 WL 776740 (E.D. N.Y. 2013) ("Defendants fare no better insisting that any misidentification in the Collection Letter was immaterial. As an initial matter, this argument only could apply to the alleged Section 1692e and Section 1692f violations. Section 1692g][(a)](2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. In addition, even assuming, arguendo, that a deceptive statement must be material to violate Section 1692e and Section 1692f, failing to identify the creditor here after "pay to the order of" on the payment check to ensure that the debt is satisfied. Accordingly, Defendants' materiality argument is without merit."), Pardo v. Allied Interstate, LLC, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. Sept. 21, 2015); Walls v. United Collection Bureau, Inc., 2012 U.S. Dist. LEXIS 68079, *4-5, 2012 WL 1755751 (N.D. Ill. May 16, 2012), Deschaine v. Nat'l Enter. Sys., 2013 U.S. Dist. LEXIS 31349, *3-5 (N.D. Ill. Mar. 7, 2013).

33. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

34. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

35. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

36. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

37. All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

38. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

39. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

40. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

41. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of

Defendants.

42. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

43. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

## CLASS ALLEGATIONS

44. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

45. The identities of all class members are readily ascertainable from the records of Account Services and those business and governmental entities on whose behalf it attempts to collect debts.

46. Excluded from the Plaintiff's Class is Account Services and all officers, members, partners, managers, directors, and employees of Account Services, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

47. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether Account Services' communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

7

48. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

49. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

50. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity**: The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether Account Services' communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

c. **Typicality**: The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy**: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her

counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudication which could establish incompatible standards of conduct for Defendant who, upon information and belief, collects debts throughout the United States of America.

  51. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

  52. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

  53. Further, Account Services has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

54. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

55. This cause of action is brought on behalf of Plaintiff and the members of a class.

56. The class consists of all persons whom Defendant's records reflect resided in the State of Texas and who were sent a collection letter in substantially the same form letter as the letters sent to the Plaintiff on or about July 30, 2018 (**Exhibit A**) and (a) the collection letter was sent to a consumer seeking to collect a debt for personal, family or household purposes; and (b) the collection letter was sent from one year before the date of this Complaint to the present; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692g(a)(2) for failing to correctly identify the name of the creditor to whom the debt is owed.

## COUNT I: Violations Of § 1692g(a)(2) Of The FDCPA – Failure to Identify the Name of the Current Creditor

57. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

58. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, it had to provide Plaintiff with an effective validation notice, containing, among other disclosures, "the name of the creditor to whom the debt is owed" see, 15 U.S.C. § 1692g(a)(2).

59. Defendant's form collection letters violated § 1692g(a)(2) of the FDCPA because they failed to identify the current creditor to whom the debt was owed, see, Janetos, 825 F.3rd at 321-23; see also, Long v. Fenton & McGarvey Law Firm P.S.C., 223 F. Supp. 3d 773 (S.D. Ind. 2016); Pardo v. Allied Interstate, No. 1:14-cv-01104-SEB-DML, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. Sep. 21,

2015); Deschaine v. National Enterprise Systems, No. 12 C 50416, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. Mar. 7, 2013); Walls v. United Collection Bureau, No. 11 C 6026, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. May 16, 2012); Braatz v. Leading Edge Recovery Solutions, No. 11 C 3835, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. Oct. 20, 2011).

60. Defendant's violation of § 1692g of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Demetria Traylor, individually and on behalf of all others similarly situated, prays that this Court:

A. Declare that Defendant's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Demetria Traylor and all others similarly situated, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

## COUNT II: Violations Of § 1692e Of The FDCPA – False, Deceptive, Or Misleading Collection Actions

61. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

62. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

63. Making a false statement of the name of the current creditor violates § 1692e of the FDCPA.

64. Defendant's communications with Plaintiff were deceptive and misleading.

65. Defendant used unfair and unconscionable means to attempt to collect the alleged debt.

66. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Demetria Traylor, individually and on behalf of all others similarly situated, prays that this Court:

A. Declare that Defendant's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Demetria Traylor, and all others similarly situated, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

## COUNT III: Violations Of § 1692d & 1692f Of The FDCPA – Harassment or Abuse, False or Misleading Representation, & Unfair Practices

67. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

68. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

69. Defendant's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

70. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

71. Defendant's communications with Plaintiff were deceptive and misleading.

72. Defendant used unfair and unconscionable means to attempt to collect the alleged debt.

73. Defendant's violation of § 1692d and § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Demetria Traylor individually and on behalf of all others similarly situated, prays that this Court:

A. Declare that Defendant's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Demetria Traylor, and all others similarly situated, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

## JURY DEMAND

74. Plaintiff demands a trial by jury on all Counts so triable.

Dated: December 20, 2018

Respectfully Submitted,

**HALVORSEN KLOTE**

By:    /s/ Joel S. Halvorsen
Joel S. Halvorsen, #67032
Halvorsen Klote
680 Craig Road
Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
joel@hklawstl.com

*Attorneys for Plaintiff*
